IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DAVID D. WICKSON,            )
                             )
        Plaintiff,            )
                             )
v.                           )   Case No. CIV-15-253-KEW
                             )
CAROLYN W. COLVIN, Acting    )
Commissioner of Social       )
Security Administration,     )
                             )
        Defendant.            )

**OPINION AND ORDER**

Plaintiff David D. Wickson (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on June 13, 1975 and was 38 years old at the time of the ALJ's decision. Claimant completed his high school education with special education classes. Claimant has worked in the past as a janitor for a casino and janitor supervisor. Claimant alleges an inability to work beginning May 28, 2010 due to limitations resulting from diabetes, leg and foot pain, arthritis, depression, ulnar nerve pain, digestive problems, hypothyroidism,

high cholesterol, high blood pressure, and obesity.

## Procedural History

On March 29, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On January 8, 2014, an administrative hearing was held before Administrative Law Judge ("ALJ") Doug Gabbard, II by video with Claimant appearing in Paris, Texas and the ALJ presiding in McAlester, Oklahoma. He issued an unfavorable decision on February 20, 2014. The Appeals Council denied review of the ALJ's decision on May 8, 2015. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform less than a full range of medium work with limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) finding

Claimant does not meet a listing; (2) failing to give proper weight to all severe and non-severe impairments; (3) failing to properly evaluate step five; and (4) failing to perform a proper credibility determination.

## Listing Evaluation

In his decision, the ALJ found Claimant suffered from the severe impairments of ulnar nerve distribution and pain in the left hand; uncontrolled diabetes mellitus; obesity; organic mental disorders; affect disorder; intellectual disability; and substance addition disorders. (Tr. 18). The ALJ determined Claimant retained the RFC to perform less than a full range of medium work. In so doing, the ALJ found Claimant could lift/carry no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds; was limited to unskilled work - meaning work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time; simple, direct, and concrete supervision; interpersonal contact with supervisors and co-workers must be incidental to the work performed and Claimant could only have occasional contact with the general public; could only occasionally grasp with his left, non-dominant hand and must alternate sitting and standing every thirty minutes throughout the workday in order to change positions, but Claimant could perform this without leaving the workstation. (Tr. 22).

After consulting with a vocational expert, the ALJ concluded that Claimant could perform the representative jobs of church janitor and industrial cleaner, both of which the ALJ determined existed in sufficient numbers in both the regional and national economies. (Tr. 30). As a result, the ALJ determined Claimant was not under a disability from May 28, 2010 through the date of the decision. (Tr. 31).

Claimant contends that the ALJ should have determined that he met Listing § 12.05C at step three. To meet or equal Listing § 12.05C, a claimant must demonstrate the following:

> 12.05 Mental Retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> * * *
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.
>
> * * *

20 C.F.C. Pt. 404, Subpt. P, App. 1, Listing 12.05C.

Claimant must satisfy all of these required elements for a Listing to be met. <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 (1990). On September 6, 2010, Dr. Randy L. Crittenden, a licensed

6

psychologist, performed mental functioning testing upon Claimant. Among the tests administered was the WAIS-III psychological test which indicated Claimant scored a verbal IQ of 67, performance IQ of 72, and full scale IQ of 66. (Tr. 293). This finding, together with Claimant's other severe impairments, would appear to give rise to the application of Listing § 12.05C.

The ALJ, however, rejected the full scale IQ score of 66, finding that the low score was attributable to Claimant's failure to take his diabetes medication on the day of the test, "leading to elevated blood sugars ay (sic) have affected his concentration on the day of the testing." (Tr. 21). Absolutely no medical evidence exists in the record for the ALJ to draw this conclusion. Clearly, an ALJ cannot substitute his own medical opinion for that of a medical professional. Miller v. Chater, 99 F.3d 972, 977 (10th Cir. 1996). The ALJ appears to accept the finding of a consultative examiner that Claimant had a full scale IQ of 80. However, this finding was admittedly an estimate and not the result of objective testing. (Tr. 394).

On remand, the ALJ shall either accept the testing performed by Dr. Crittenden, order new testing, or provide a medically supported reason for rejecting Dr. Crittenden's findings. Additionally, Dr. Crittenden tested Claimant at the age of 35. The ALJ should obtain the source opinion of any such examiners as to whether Claimant's mental IQ existed at the time he attained the

age of 21.

**Consideration of Severe and Non-Severe Impairments**

Claimant contends the ALJ failed to properly assess his obesity. An ALJ is required to consider "any additional and cumulative effects" obesity may have upon other conditions from which a claimant suffers, recognizing that obesity combined with other impairments may increase the severity of the condition. Soc. Sec. R. 02-1p; 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 3.00(I)(combined effect with respiratory impairments). "[O]besity may increase the severity of coexisting or related impairments to the extent that the combination of impairments meets the requirements of a listing. This is especially true of musculoskeletal, respiratory, and cardiovascular impairments." Id.; see also, Hargis v. Sullivan, 945 F.2d 1482, 1491 (10th Cir. 1991)(an ALJ "must consider the combined effects of impairments that may not be severe individually, but which in combination may constitute a severe medical disability.")

"Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment." Each case is evaluated on information in the medical record. Id.

The ALJ's decision indicates that he evaluated Claimant's obesity in accordance with the guidelines in Soc. Sec. R. 02-1p. (Tr. 20). He went into further detail later in the decision in

8

stating he considered the combined effect of obesity with other medical conditions. He also acknowledged that Claimant was non-compliant with his diabetic medication and diet and gained weight during the relevant period. (Tr. 25). This Court finds this consideration to be in line with the requirements of the regulations and prevailing case authority - especially in light of Claimant's failure to identify a specific objective medical record which indicates Claimant's obesity exacerbated or increased the severity of another condition.

Claimant next asserts the ALJ should have found limitations from his right hand in addition to the left hand discussed in the decision. The medical evidence and the ALJ shows Claimant was treated for right hand pain and swelling but that the condition improved without treatment. (Tr. 578). Claimant does not direct the Court any further evidence in the record of his right hand interfering with his ability to engage in basic work activity.

### Step Five Analysis

Claimant contends the ALJ failed to analyze whether he could attend any of the potential 750 jobs in Oklahoma identified by the vocational expert. The requirement for significant numbers relates to the national economy and not the regional economy. 20 C.F.R. § 416.966(b); Raymond v. Astrue, 621 F.3d 1269, 1274 (10th Cir. 2009). The vocational expert identified that 61,200 of the church janitor jobs exist nationally and 12,650 exist of the industrial

9

cleaner job. These numbers suggest further analysis of Claimant's ability to find and attend such jobs is unnecessary.

### Credibility Determination

The ALJ found Claimant was not "completely credible." (Tr. 24). The ALJ proceeded through a detailed analysis of Claimant's testimony and level of limitation under the guidance of the guidelines for evaluating credibility. (Tr. 22-24). Claimant's challenges to this analysis are minor, immaterial matters, including whether Claimant was injured playing softball or watching softball.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other

symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). This Court finds that the ALJ's findings on credibility are affirmatively linked to the objective record and is supported by substantial evidence.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case is **REMANDED** for further proceedings.

IT IS SO ORDERED this 8th day of September, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE