**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

DAVID D. WICKSON, )
)
        Plaintiff, )
)
v. ) Case No. CIV-15-253-KEW
)
CAROLYN W. COLVIN, Acting )
Commissioner of Social )
Security Administration, )
)
        Defendant. )

## OPINION AND ORDER

This matter comes before the Court on Claimant's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #23). By Order and Opinion entered September 8, 2016, this Court reversed the decision of the Commissioner to deny Claimant's applications for disability insurance benefits under Title II and for supplemental security income under Title XVI of the Social Security Act and remanded the case for further proceedings.

In the Motion, Claimant seeks attorney's fees for 36.40 hours of time expended by his attorney at the stipulated fee rate for a total request of $6,327.00 under the authority of the Equal Access to Justice Act ("EAJA"). This request reflects a voluntary reduction of the fee by $950.00. The Commissioner contests the award of EAJA fees, contending her position in the underlying case was substantially justified. Because Claimant was required to file a reply to respond to the Commissioner's objection, she filed a Supplemental Application for Attorney Fees to include $874.00 to research and prepare the reply brief, also reflecting a voluntary

reduction of the fee requested. The Commissioner did not respond to the Supplemental Application.

EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). With respect to EAJA applications in Social Security cases, Defendant has the burden of showing that her position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). Defendant must prove that, even if her position is incorrect, her case had a reasonable basis in law and in fact. Id. To establish substantial justification, Defendant must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. Pierce v. Underwood, 487 U.S. 552, 565 (1987). The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . . ." Id. at 566 n.2.

Clearly, Claimant constituted the prevailing party in accordance with this Court's decision. The Commissioner contends that the ALJ was reasonable in finding Claimant did not meet Listing 12.05C – the single issue for which the ALJ's decision was reversed and the case was remanded for further consideration. This Court documented the fallacies in the ALJ's position taken in the

decision, including drawing medical conclusions which found no support in the medical record and accepting full scale IQ findings not supported by objective testing. This Court cannot conclude that the ALJ's conclusions are substantially justified under the circumstances of this case.

Since the Commissioner did not object to the reasonableness of the supplemental fee request, the additional fees for the preparation of Claimant's reply will be awarded.

IT IS THEREFORE ORDERED that Claimant's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #23) and Claimant's Supplemental Application for Attorney Fees (Docket Entry #27) are hereby **GRANTED** and that the Government be ordered to pay Claimant's attorney's fees in the total amount of $7,201.00.

In accordance the ruling of the Tenth Circuit Court of Appeals, the award with shall be made to Claimant as the prevailing party and not directly to Claimant's counsel. Manning v. Astrue, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Claimant's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Claimant. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 23rd day of January, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE